**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**ROBERT LEE LEGG, JR.,**

      **Plaintiff,**

**v.**                                  **Case No. 3:20-cv-00778**

**PUTNAM CO. SHERIFF OFFICE;
WESTERN REGIONAL JAIL;
PRIM CARE MEDICAL STAFF; and
OFFICER ROMAN,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). The undersigned notes that Plaintiff's Application is incomplete. Before the Application can be accepted for review, Plaintiff must have the institution of incarceration complete the certificate on the second page of the Application and attach the ledger sheet described under Question No. 1. The ledger sheet should be attached even if Plaintiff has not been incarcerated for six months.

Accordingly, Plaintiff's Application, as submitted, is **DENIED**. (ECF No. 1). Plaintiff  is hereby **ORDERED** to pay the filing fee of $400, or submit to the Court a **completed** Application to Proceed Without Prepayment of Fees and Costs, which includes the institution certificate and ledger. **Plaintiff is notified** that failure to pay the fee or submit the completed application as instructed within **thirty (30) days** of the

1

date of this Order shall result in a recommendation that the complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that on August 31, 2020, he broke his leg and was assisted by an Officer from the Putnam County Sheriff's Office, who took Plaintiff to the hospital. (ECF No. 2 at 4). He claims that the Putnam County Officer videotaped him while he was at the hospital and took a ring from him. Plaintiff claims that he was forced to leave the hospital before he was stable and was made to ride around in the Officer's cruiser for hours for the Officer's amusement. Plaintiff states that he was taken to the Western Regional Jail and was placed in the medical unit. (*Id.*) Although he told the medical personnel about his allergies, they gave him a sulfa drug and Benadryl, which caused him to suffer an adverse reaction. Plaintiff contends that he drank cold water, which put him in shock, and "if it wasn't for [him] being a CPR and a traind [sic] person" he would have died. (*Id.*). Plaintiff states that, in September or October, he was taken to a pod at the Jail. At the time, he was

using a walker to ambulate, and he fell a couple of times. (*Id*. at 5). He was placed on a top tier, top bunk despite his broken leg. Ultimately, Plaintiff was taken to suicide housing by Officer Roman, who told other inmates that he was taking Plaintiff to a special housing unit because Plaintiff was a baby rapist. (ECF No. 2 at 5). For relief, Plaintiff requests "proper meetings" and "seminars" to address his statement of facts; a reprimand of the Officer that filmed him and took his ring at the hospital; termination of the employment of Officer Roman for making false and dangerous statements about Plaintiff; and compensatory damages for the pain, suffering, and embarrassment he has suffered, as well as compensation for the potential risk to his safety caused by Officer Roman's statements. (*Id*. at 5-6). Plaintiff attaches a handwritten document to his complaint that contains disjointed thoughts, rendering it incomprehensible. (*Id*. at 8-9). In that document, Plaintiff does ask to be allowed to join the Army. As currently written, Plaintiff's complaint fails to state a claim that can withstand initial review.

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977)

(*quoting Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)).

With respect to the Putnam County Officer, Plaintiff does not identify the Officer or include enough facts to state a plausible claim. Plaintiff's barebones allegations that the Officer filmed Plaintiff and took his ring while he was at the hospital simply do not state claims that rise to the level of constitutional violations. Indeed, the complaint suggests that the Officer filmed Plaintiff in the line of duty and took his ring for safeguarding while Plaintiff received care at the hospital. In addition, the fact that the Officer made Plaintiff ride in a police cruiser is not a constitutional violation, considering that Plaintiff was under arrest. According to a news account published on August 31, 2020 by WCHS Channel 8, the incidents giving rise to the Officer's interactions with Plaintiff are as follows: Plaintiff allegedly stole $500 from a Sheetz in Teays Valley, West Virginia, and fled the scene in a white Nissan, which Plaintiff later crashed while trying to access the interstate through a subdivision. *See* https://wchstv.com/news/local/putnam-robbery-suspect-arrested. Plaintiff attempted to run from the wrecked vehicle, but fell from a seven-foot retaining wall and broke his leg. Two hours later, he was located and taken to the hospital. (*Id.*). Plaintiff was booked into the Western Regional Jail on September 4, 2020. *See* apps.wv.gov/OIS/Offender Search/RJA/Offender.

Accordingly, if Plaintiff wishes to pursue a claim against the Officer, he must amend his complaint and (1) identify the Officer, and (2) include facts demonstrating how the Officer violated Plaintiff's constitutional rights and how the violations injured Plaintiff. Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody **without a prior showing of physical injury**." (emphasis

4

added). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis*. *See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F. Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001) (quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996)) (internal quotation marks omitted). Consequently, Plaintiff must show how the Officer's actions physically injured Plaintiff.

As to Plaintiff's claims against the WRJ and Officer Roman, the Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (*quoting Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989

5

F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes,* 452 U.S. at 347. Ultimately, this prohibition "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (*quoting Rhodes,* 452 U.S. at 347).

In order for Plaintiff to maintain a *prima facie* case that his conditions of confinement violated the Eighth Amendment, he must show both (1) the deprivation of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison officials had a "sufficiently culpable state of mind." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1370−80 (4th Cir. 1993)).

To fulfill the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health or safety by the defendant. *Farmer*, 511 U.S. at 834. The

Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, the staff at the Western Regional Jail had a sufficiently culpable state of mind if they were aware of an excessive risk of harm to Plaintiff's health or safety, but disregarded it. *See Wilson*, 501 U.S. at 298; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so."). A prison official is not liable under the Eighth Amendment if a reasonable response is made, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844).

Plaintiff alleges that, in light of his broken leg, he was not placed in a proper cell at the WRJ, and that Officer Roman made untrue statements about him that were hurtful and put him in potential risk of harm. In order to state a viable constitutional claim against these defendants, Plaintiff must amend his complaint and add factual allegations explaining how he was injured by the defendants' actions. Harsh words and verbal harassment by a correctional officer generally are not actionable; particularly, if no harm results from the harassment. In addition, Plaintiff must identify the individuals at the Jail who placed Plaintiff in the top tier, top bunk. The Jail cannot be sued, because it is not a

person; rather, under § 1983, *a person or persons* must be identified as having violated Plaintiff's constitutional rights.

Finally, with regard to Prime Care, the Eighth Amendment also places a duty on Prime Care to provide treatment when an inmate has a serious medical need. Prime Care violates this constitutional mandate when it responds to an inmate's serious medical need with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To state a cognizable Eighth Amendment claim based on the failure to provide medical care, an inmate must demonstrate the existence of a medical condition or need that is objectively serious. *Id.* A medical condition is serious under the Eighth Amendment when it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would understand that medical attention is necessary. *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). A serious medical need may also be shown by the presence of a medical condition that significantly affects the prisoner's daily activities or causes chronic and substantial pain. *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992); *see also Adams v. Southwest Virginia Regional Jail Authority*, 524 Fed. Appx 899, 900-01 (4th Cir. 2013).

Second, the inmate must show that the prison official subjectively knew of, but was deliberately indifferent to, "an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837; *Wilson v. Seiter,* 501 U.S. 294, 297–99 (1991). Moreover, medical negligence is not the same as a constitutional violation. *Estelle,* 429 U.S. at 106; *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff claims that an employee of Prime Care provided him with sulfa medications and Benadryl, causing Plaintiff to have an adverse drug reaction. Plaintiff claims that these medications were given to him, although he verbally told medical staff that he had drug allergies. However, Plaintiff does not specifically allege that he warned medical staff that his allergies included reactions to sulfa drugs and Benadryl, nor does he identify the medical personnel to whom he spoke. Furthermore, Plaintiff does not provide any facts indicating that he suffered physical harm as a consequence of the alleged drug reaction. His statement that "he would have died" is not sufficient to describe a physical injury under this factual circumstance. Therefore, Plaintiff must amend his complaint to provide additional facts relating to his discussions with Prime Care personnel and his physical reaction to the medications, including any physical harm he suffered.

Plaintiff is **ORDERED** to amend his complaint within **thirty (30) days** and cure the deficiencies as explained above. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded** of his obligation to promptly notify the Clerk of Court of any change in his contact information.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** December 1, 2020

Cheryl A. Eifert
United States Magistrate Judge

9